# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 5, 2024

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| TRACY MURRAY, * | No. 17-1357V |
| * | Special Master Horner |
| Petitioner, * | |
| * | |
| v. * | |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * | |

*Leah V. Durant*, Law Office of Leah V. Durant, LLC, Washington D.C., for Petitioner.
*Austin J. Egan*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 27, 2017, Tracy Murray ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") after receiving an influenza vaccination on October 12, 2016. Petition at 1. On January 23, 2023, the parties filed a proffer, which I adopted as my decision awarding compensation on January 24, 2023. (ECF No. 67).

On August 7, 2023, petitioner filed an application for attorneys' fees and costs. (ECF No. 72) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $90,693.20, representing $69,851.70 in attorneys' fees and $20,841.50 in costs. Fees App. at 1. Pursuant to

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

General Order No. 9, petitioner has indicated that she has not personally incurred any costs in pursuit of this litigation. *Id.* Respondent filed a response on October 3, 2023, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 73). Petitioner filed her reply on October 4, 2023, requesting that "the Court award petitioner all fees and costs requested in Petitioner's Application." Reply at 2. (ECF No. 74).

This matter is now ripe for consideration.

I.  **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

Petitioner requests the following rates of compensation for her attorneys: for Ms. Leah V. Durant, $350.00 per hour for work performed in 2016, $365.00 per hour for work performed in 2017, $377.00 per hour for work performed in 2018, $390.00 per hour for work performed in 2019, $395.00 per hour for work performed in 2020, $420.00 for work performed in 2021, $441.00 for work performed in 2022, and $463.00 per hour for work performed in 2023; for Mr. Michael Milmoe, $484.00 per hour for work performed in 2020, and $509.00 for work performed in 2021; for Mr. Glenn MacLeod, $525 per hour for work performed in 2022; and for Mr. Christopher Williams, $325.00 per hour for work performed in 2021, $341.00 per hour for work performed in 2022, and $358.00 per hour for work performed in 2023. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Petitioner is therefore awarded $69,851.70 in attorneys' fees.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $20,841.50 in attorneys' costs. This amount is comprised of acquisition of medical records, the Court's filing fee, postage, work performed by petitioner's medical reviewer Dr. Catherine Shaer, and work performed by medical experts, Dr. Uma Srikumaran and Dr. Clifford Colwell, Jr. Fees App. Ex. 2 at 2. These costs have been supported with the necessary documentation and are reasonable. Petitioner is therefore awarded the full amount of costs sought.

In this case, petitioner filed a report by Dr. Srikumaran after already having engaged Dr. Colwell. By the time Dr. Srikumaran entered the case, Dr. Colwell had already submitted several reports (Exs. 13, 16, 18) and petitioner had been advised by the previously-presiding special master that Dr. Colwell's report was persuasive on what was viewed as the key point of litigation. (ECF No. 38.) Petitioner did not advise she was seeking a new expert nor has she at any point – either at the time of filing or in her subsequent motion for fees and costs – substantiated that a second expert was warranted. In the ultimate ruling on entitlement, Dr. Srikumaran's opinion was largely viewed as being consistent with Dr. Colwell's opinion. (ECF No. 59.) Thus, I find that the 5.75

3

hours Dr. Srikumaran billed for his own review of the medical records (ECF No. 72-2, p. 16) was redundant and not reasonably incurred. *E.g. Truett v. Sec'y of Health & Human Servs.*, No. 17-1772V, 2024 WL 795176 (Fed. Cl. Spec. Mstr. Jan. 29, 2024). This results in a reduction of costs of $5,750.00.

Petitioner is therefore awarded $15,091.50 in attorneys' costs.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. I find it reasonable to compensate petitioner and her counsel as follows: **a lump sum in the amount of $84,943.20, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and petitioner's counsel, Ms. Leah V. Durant.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).